I now call the case of Noble v. Commissioner of Social Security. Mr. Steinberg. Yes, ma'am. May it please the court, Michael Steinberg for the appellant I would like ten minutes initially and then reserve five minutes for rebuttal. This is really a very simple case and a very simple issue. The issue is whether the administrative law judge gave appropriate weight, in the social security case, gave appropriate weight to the opinion of the VA consultative doctors and the finding of the VA that the claimant was entitled to total disability due to individual unemployability. The claimant was not represented in this case. So there was a heightened duty for the judge to assist the claimant and make sure the record was fully developed. The decision noted that the claimant was receiving an 80% rating, but it did not specifically note that the claimant was found entitled to total disability due to individual unemployability. The way the VA does these ratings, sometimes the ratings has nothing to do with functional limitations. And let's take a look at, let's take a look at lumbar spine rating. There's two ways that they evaluate lumbar spine ratings and I do a lot of VA cases. One is they look at whether the claimant has ankylosing of the spine, limitation of motion, and a 30% rating is for something and a 40% rating is for something. But there's another category dealing with periods of incapacitation. So if somebody has four or more periods of incapacitation per year for extended periods, they would be eligible for a 60% rating. If someone has three periods of incapacitation, they would be eligible for a 40% rating. So that is a medical opinion that is relevant to an issue in Social Security. So if I was representing the claimant at a hearing, I might ask the vocational expert to assume the same RFC that the judge gave, except three times a year the person would be incapacitated for extended periods, maybe two, three days at a time. So they'd be absent from work 10 days a year. The vocational expert may say that would exceed what is acceptable and in my opinion, they would be unable to engage in substantial gainful activity. So that is... Here's a question removed from a specific application, but do you see a difference between the ALJ saying, I've given great weight to the VA determination, but I find that it was outweighed by other evidence? That's ALJA. ALJB says, I haven't given very much weight to the VA decision because it was outweighed by other evidence. Do you see a difference between those two? And if so, what's the difference? I think that, you know, what's important is not so much the finding that someone is unemployable, but the way they got there. So if in the VA decision in this case, the decision said that the person, based on a medical opinion from his compensation pension examination, the perform even sedentary work and that was on page 446 of the record. And so as a result, we find that he's unemployable. So I think that's something the judge has to give, say, I gave great weight to that opinion. However, I don't believe that doctor's opinion is correct. Or I understand that he got a 40% rating because he has three periods of incapacitation per year for extended periods and therefore he qualifies for 40% rating for the spine. However, I don't find that that's credible. I don't give that a lot of weight because the weight from our doctors is different. You started out, excuse me, you started out talking about an example of the lumbar spine, but there was a finding here in January 2006, image of the thoracic spine indicated old clinical significance and a lumbar MRI was normal. July 2006 imaging showed minimal disbulging at L4, L5 and L5S1 with no canal stenosis or neural foramina narrowing, mild narrowing of the SI joints bilaterally. I mean, that's specific objective evidence that's saying here that the lumbar spine was normal. Why isn't that enough along with all the other findings that were made related to the medical evidence that was presented, why isn't that enough to declare the ALJ's position? It could be if we had the case, if the case was remanded. The other problem with this case is that when you're doing a pro se, the Social Security gets an abstract of the records from the VA, but they need to look at that compensation and pension exam and read that compensation and pension exam and say, okay, I see what this doctor is saying. However, in 2006, you know, this was a physical examination. I thought you were smiling because you may be a veteran and maybe you're familiar with this process. Well, I wish I had a lumbar spine CT scan or MRI scan that showed that. I'd feel a lot better if I did. But the doctor who does the physical examination at the VA and then they interview the veteran and then they say, okay, in my opinion, he's entitled to a 40% rating because he meets this criteria. The judge looks at that and says, I see that. I see this other evidence and I'm balancing it. I'm giving a great weight, but I still disagree with it. Then we lose. But if he doesn't look at the record and he doesn't say, yes, I acknowledge there was an opinion from the VA doctor putting him at 40% because he has periods of incapacitation, then he hasn't done his due diligence. And like I said, this was an unrepresented claimant. I think I could have done a really good job for the claimant had I had the opportunity. I would have got that entire VA claims file. I would have got that compensation examination. I would say, judge, take a look at what happened in 2008 at that compensation exam and why they found that the person was limited to less than sedentary work. So, are you saying that he didn't, that the ALJ didn't have the entire record or simply that the ALJ didn't give what you see as appropriate weight to the entire record? I don't think he had the entire VA record. You know, they, they, they, what Social Security sometimes does is they get part of the VA record, but they don't get the entire record. And that would include not only the medical records, but the claims file, which may include a compensation and pension exam that is not medical treatment. It's, it's done for the purpose of evaluating a claimant to determine what percentage rating he should get from the Veterans Administration. So, I didn't see that in the record. Who's responsible for getting that full record to the? Well, that's a good question. If, if he's represented, I make sure it's, I mean, the attorney makes sure it's in the record, but he wasn't represented. And if, if a layperson sees it, it says VA records 2006 through 2016, he may assume or she may assume that's, they got it all. They may not realize that they don't have the compensation exam in there. You know, they did change the law. Does the ALJ have any responsibility to make sure the record is complete? Yes. So, do we have, is there authority saying that that would be on the ALJ to get any missing records from the VA that supported its determination? The, the, the, I, I don't know the answer. I think that, that the, the judge has the duty to ensure that the record is fully developed. Does it, does the judge have the, is there a regulation that says the judge has that duty? There's an 11th Circuit case. I didn't, I mean, that's . . . What's that case? Do you know? I don't, I'm trying to think of it. It's an old case. I don't have it off the top of my head, but they, they . . . Have you raised that as error? What's that? Have you raised failure to get the whole record as error? Because the way I understand it is you just disagree with the finding that was made by the ALJ to disregard the VA. That's the issue. You know, now, the, the regulation says that the Social Security Administration will get all the medical records from one year prior to the date of the application. So it's, it's, the judge has the duty to develop the record. The claimant has the duty to make sure that the record is, is also developed. So there's a concurrent . . . Let's suppose for purposes of argument that either the ALJ had the entire record or because it was the burden of your client to give it whatever he doesn't have is, is just not part of the case. So based on the record that we have, do you still disagree that the ALJ did not give the appropriate weight to the materials from the VA that he had? Okay. I'm, I'm over time. If you don't want, I can go ahead and answer that question. Please do. He didn't give appropriate weight because, to the records he had, because he didn't acknowledge that the person was entitled to total disability due to individual unemployability. The decision, they just mentioned the 80% rating. And I think there was also a misunderstanding. And I was looking at the appellee's brief where there was a discussion at the hearing and the claimant said, I'm drawing 100%. And there was a discussion. Well, that doesn't mean that you're unemployable just because you're drawing 100%. Well, that's exactly what it means. It means that even though you're only rated at 80%, you, you've been found to be unemployable. So that's number one. Number two, the judge didn't give appropriate weight to the medical opinion that is found in the rating decision that's, that's, that's referred to in the rating decision on page 446, that the person is not able to do even sedentary work on a full time basis. Well, of course, the ALJ found there was no evidence of medical treatment for the year 2012. The man went the whole year without getting any medical treatment. Okay. And that doesn't sound like a person to me that's really having serious problems if they can go the whole year without having medical treatment. I mean, I think we have to find that there's substantial evidence in the record to support the finding of the ALJ and that a reasonable mind would find them adequate to support the finding. Is that, is that what we're supposed to do here? Well, I think you have to follow, he has to follow the law. We're not here to talk about whether, whether, whether if it was a de novo case and we were just looking at the record and said, would you have found him disabled? I don't think that's the criteria. The criteria is did the judge follow the correct procedures in determining whether the person is, is, um, is disabled? Did he have, did he, did he do what he was supposed to do to get to that decision? So, so just if I make sure I understand this. So you're, you say he didn't follow the correct procedures because number one, he didn't look at the record that supported the VA's determination. And number two, he didn't consider that 100% disability decision? Well, he didn't give it great weight. Okay. And he didn't give it great weight in what respect? What's the legal standard? He didn't, in the decision, didn't said I gave great weight to the determination of the VA that the person was entitled to 100% total disability due to individual unemployability and the rating decision finding that he couldn't do is, is not relevant to Social Security. And I'm not, he didn't say anything about the giving it great weight. Now, I'm unclear. I thought you answered this question earlier. My understanding of what you've argued here, at least in your brief, is not that they didn't look at the right records, but that they looked at the records, the ALJ looked at the records and drew the wrong conclusion from the records. Isn't that what your argument is? No. Okay. The argument is that, that they looked at the medical records. I think they have all the medical records. What they didn't have, and I don't know how important it is because it's referred to in the rating decision on page 4446. They didn't look at the, the opinion of the VA doctor which said that the person was limited to less than sedentary work and did not give that opinion great weight. Now, I understand what you're saying about the medical records. If you, if you're, if you were the ALJ, you may look at that and say, I don't think he's, the person is limited to less than sedentary work, but that's not the issue. Well, it's clear from the order. Therefore, it is clear from this statement that the law judge was aware of the VA's determination at the point it was unlawful, but he rejected it. So, it seems from the record that he was aware of the VA's determination and he just rejected it for the reasons it was dated. He said due to its inconsistency with the objective medical evidence. I, I, I hear what, I hear what you're saying. You can answer the question. I didn't, I'm sorry. Oh. Let me go ahead. If you want me to respond to that. Yes. I think that was just boilerplate language. I don't think that, that, you know, he, he, he can say, oh, I looked up the objective evidence and I acknowledge that he's at 80 percent, but I, in the, in the written decision from the judge, correct me if I'm wrong, I don't think he said, I, I saw the decision from the VA granting him total disability and I'm giving it great weight, but I'm still going to reject it because it's not consistent with the objective evidence. I think he's, he's noting the 80 percent, but not the unemployability. And just, and I think it's inferred, it's not explicit. And that's what I think that the, the court order was at the district level as it was, you know, like he knew about it. Any further questions? Mr. Steinberg, because you were answering the court's questions, we'll give you your full-time reserve for rebuttal. Mr. Weaver. May it please the court. My name is Mark Weaver and I represent the Appellee, the Commissioner of Social Security. With exceptionally broad latitude, the Social Security Act entrusts fact-finding to the administrative law judge, or ALJ, inherent in following the act and its underlying regulations. The commissioner must decide whether a claimant is disabled based on social security law. And all the evidence that a claimant presents. This case was properly decided because the ALJ fully considered the Appellant's Department of Veterans Affairs ratings decision, along with the other evidence, before providing valid reasons for not according that decision with great weight. Although not another governmental agency may determine whether an individual is disabled under its own agency rules, such determinations are not binding on the Social Security Commissioner. And important to this case, the commissioner wants this court to know that it was not SSA or the VA that decided the standards for its own disability findings. Instead, that was Congress that enacted separate legislation with separate rules determining how each agency defines disability and awards benefits. In Rodriguez v. Zweigert, this court held that although an ALJ mentioned a VA decision, the ALJ obviously refused to give it great weight. This court further held that a VA rating decision is not binding on the secretary, but it is evidence that should be considered and is entitled to great weight. In that case, there was a VA rating of 100% disability. And this court found that the ALJ should have more closely scrutinized that decision. Do you think that great weight is a magic words requirement or does it mean something else? Your Honor, I believe that that's, it is a very difficult question to answer because obviously as you brought up with the appellant's counsel, great weight can actually be great weight or it can be great weight. However, I discounted certain issues of that opinion for the reasons I, you know, denote below. And so it is, in this case, the important fact is the ALJ actually considered the VA decision. There's really no dispute that the ALJ understood that the appellant in this case had an 80% service-connected disability rating. And in fact, in the very first hearing, the ALJ or the appellant testified that he was getting 100% disability payments from the VA. This is at transcript 76. The ALJ then specifically asked the appellant whether the VA was paying him 100% on a variety of things that come together and the appellant responded correct. At the second oral hearing, the appellant again testified he drew 100% disability. But the ALJ recognized at that hearing that drawing 100% disability from the VA was not the same as service-connected disability. Noting service-connected disability was different from a VA unemployability rating. Later in that same hearing, the appellant acknowledged in his testimony that his combined service-connected rating with the VA was actually 80%. He then added that he was paid at the 100% rate because the VA deemed him unemployable. In the decision, the ALJ specifically highlighted his consideration of the appellant's 80% disability rating. And with that, Your Honor, important to this case, the ALJ fully explained to the claimant at both hearings and in the decision why the criteria to determine disability under the VA rating decision was decided under different criteria than that used by SSA. At the first hearing, the ALJ said, and it's a great quote because it spells out the fact of what is at issue at this case. The ALJ said, we have different, very different regulations than the Veterans Administration does. And this is at transcript 47. We don't use... But that's always true, right? Everybody, nobody's disputing that the criteria are different. Yes, Your Honor. The question is, but nevertheless, our case law says that great weight has to be given to the VA's determination. Actually, Your Honor, in Pearson v. Astrew, which this case is very similar to, this court actually affirmed the commissioner's decision that a claimant was not disabled where the VA had assessed a 100% disability rating and the ALJ had instead considered that rating in the decision and correctly explained that a claimant has to meet a more stringent standard to be found disabled under the Social Security Act. Furthermore, in Adams v. Commissioner of Social Security, this court held that an ALJ does by failing to give the VA disability determination great weight when the ALJ seriously considered that decision in making his own determination that the claimant was not disabled. And that's exactly what happened here. As this court has noted in earlier questioning, the ALJ highlighted in the appellant's decision that first, the record includes a rating decision from the Department of Veterans Affairs. It set forth the determination that claimant has an 80% disability rating. The ALJ noted the different standards used between the Department of Veterans Affairs and the Social Security Administration. And then the ALJ noted that he specifically considered that the VA rating decision included a determination of the claimant's 80% disability rating. However, the ALJ in this case specifically articulated that he accorded the decision little weight due to its inconsistency with the objective medical evidence and the other I think that's what we're trying to figure out here, is everyone recognizes that the VA decision is not dispositive for the reasons that you've exclaimed and that your friend at the other table has also recognized. There are different standards. But what does it mean to give that decision great weight without making it dispositive? Do you have to say, I give it great weight, but here's why I'm not following it? Or can you say, I'm considering it and here's why I'm not following it? Your Honor, it's the government's position that the ALJ does not have to give the VA decision great weight. In fact, in this case, the ALJ properly accorded only little weight because it was contrary to the objective medical evidence. What do you do with our Rodriguez case? So in Rodriguez, that case is distinguished because the claimant in that case was given a 100% VA disability rating. But the ALJ in that case found that they had no severe impairments, which is wholly inconsistent with this case where the ALJ found that the claimant or the appellant had the impairments of lumbar degenerative disc disease, depression, and anxiety, and then accounted for that in a residual functional capacity finding, limiting them to less than sedentary work. So of course, it's different on the facts. But are you saying that those factual differences mean that the discussion of great weight is only relevant in cases where there's, say, 100% disability? Your Honor, that's the only, I mean, it is the government's position that, you know, a VA ratings decision should never be forced to give great weight. As this court has held in Rodriguez, you know, the accordance of great weight would essentially put a binding issue on the commissioner, which would be an abdication of his statutory authority enacted by Congress. Instead, we argue that it is the commissioner that must determine whether a claimant is disabled based solely on Social Security law and the evidence that a claimant presents. So inherent in that weighting scale, it is the ALJ's responsibility to consider all the evidence and facts at the case at hand and then actually make the decision on what opinion evidence is consistent with the others in the record. Well, what do you do with the fact that Rodriguez specifically says, a VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight? Yes, Your Honor. It is an evidence that is entitled to great weight, but in this case, it was not entitled to great weight. And the ALJ explained why. The ALJ, specifically in the appellant's record, noted that the evidence of record indicates only mild objective findings between the previously adjudicated period and the date last insured with significant gaps in treatment and relatively conservative treatment. Further, there's no evidence that surgery was suggested at any point. The ALJ discussed, first of all, that in 2012, there was an entire gap year where the appellant did not seek any treatment. Moreover, during the relevant period, objective physical and mental examinations were relatively benign. So I'll stop you because I think you've got, I think, at least for my part, a relatively persuasive case that the decision was correct on the merits. But what I'm trying to figure out is how we describe what weight is supposed to be given to VA determinations. Obviously, so set aside the facts of this case. How would you describe in legal terms the amount of consideration that is due to a VA finding? Your Honor, I would pose that in this case as, you know, any other that was filed at the same time as the appellant's case, that it would be whatever is consistent with the evidence. And it's impossible for us to create a, you know, a categorical rule about which opinion should be given great weight, which should be given less, because it's impossible to know what other evidence is in the record. But great weight doesn't have to mean dispositive, does it? I don't know, Your Honor. In this case, the ALJ clearly considered the evidence at hand and found that there was reasons to accord it only little weight. I would like this court to note that, as I mentioned in the brief and a footnote, the agency actually has amended the regulations as of January 2017, which comes directly on point with this issue. And in that change in regulations, the Commissioner will not provide any analysis about a decision made by any other governmental agency about whether a claimant is disabled, blind, employable, or entitled to any benefits. The Commissioner and the rules state that the Commissioner changed these regulations in part because the Social Security Act's purpose and specific eligibility requirements for disability and blindness differ significantly from the purpose and eligibility requirements of other programs. So how does that impact this case? Because it's after, obviously, the events of this case. Correct, Your Honor. If this case was to be remanded, which the government does not believe is warranted, this change would not apply. These new regulations affect every case that was filed on or after March 27, 2017. How long do you think it'll be until we start seeing cases here that were filed after that regulation took place? Do you have a sense of how long these cases take to work through the system? No, Your Honor. This case, I believe, was briefed at the District Court sometime around 2017, so almost two years out. We are starting to, in my office now, get some cases that have some 2017 regulation changes in effect, so probably not too long. Assuming that the claimant's argument was properly raised, what's your response to his argument that the information that supported the VA's determination, in other words, underlying evidence, was not considered by the ALJ here? The Commissioner doesn't really have too much of a response to that. As you assume, if that was properly raised, which we would not concede, he's not cited any evidence in front of this Court that, beyond mere speculation, that there is some evidence the ALJ did not consider regarding this VA determination.  So, in closing, here the ALJ fully considered the Appellant's Department of Veterans Affairs Ratings decision, explained the reasons why that determination is not binding on the Commissioner, why it uses a set of different criteria, and then the ALJ gave proper reasons for according it with little weight, namely, the other objective medical evidence in the record. Further, substantial evidence supports the ALJ's overall disability determination. There's at least three other jobs the claimant can perform in significant numbers in the national economy. We thus ask this Court to affirm the ALJ's decision denying Appellant's disability benefits. And with nothing further, I thank the Court and yield the rest of my time. Okay. Just very briefly, in the decision, the judge did find that the claimant was limited to sedentary work with occasional interaction with coworkers and with the public and found that he was capable of sedentary work. So, this is not a case where the person, he didn't find that the person had severe impairments. Sedentary work is very limiting. What he did say is that he could do these jobs like a document preparer or putting nose pieces on glasses. There's a handful of sedentary jobs he said he could do. His finding is not completely different from the VA's finding. Really, the finding that's different is if you look at page 446 in the rating decision, the fourth paragraph, when they found him unemployable, they talked about the opinion from the doctor at the VA that he was limited to less than sedentary work. And if you look at the 40% rating for the back impairment, that is, it could be because of range of motion, but I didn't see that in the record. So, the only other way he could be at 40% is periods of incapacitation. So, if he was out of work, let's say 10 days a year, some vocational experts would say you can't miss more than six days. Some would say you can miss once a month. If he said, look, I looked at that rating decision and I do agree that he's going to miss maybe six, seven days of work per month, Mr. Vocational Expert, would that preclude these jobs? He said, no. He says, well, even though the VA found him unemployable, based on our vocational experts' testimony and based on my review of the record, I think he could do sedentary work on a full-time basis. I do acknowledge the VA found him unemployable. I did give it great weight, but it's clear and convincing to me that he can do sedentary work on a full-time basis, and therefore, I'm denying it. I think that would have been enough. But when you're saying he didn't go to the doctor for a year, I hear what you're saying, and I know that 60-year-old me had a back surgery, hadn't been to the doctor for a year, but it still hurts standing up here. So, just because you don't go to a doctor doesn't mean you're not hurting. It just means that maybe you reached a plateau and you say, okay, I learned to live with it. So, the person was limited to sedentary work. Nobody's saying that this person didn't have severe problems, and they also had other joints. I just mentioned the back, but there's also radiculopathy in the knees and mental impairment. So, it was not just limited to the back. I was just using that as an example. That's all I have. Thank you.